IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NICK ROBERTS, | ) | 4:13CV3154 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TROTTA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Plaintiff's Request for Production of Documents (Filing No. 12) and Motion to Appoint Counsel (Filing No. 13). On October 2, 2013, the court granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis. (Filing No. 9.) The next step in Plaintiff's case is for the court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The court will conduct this initial review in its normal course of business. No discovery may take place in this case unless the court determines that this matter may proceed to service of process.

    As to Plaintiff's request for the appointment of counsel, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that: Plaintiff's Request for Production of Documents (Filing No. 12) and Motion to Appoint Counsel (Filing No. 13) are denied without prejudice to reassertion.

DATED this 18th day of October, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.