IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NICK ROBERTS, | ) | 4:13CV3154 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TROTTA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Nick Roberts ("Plaintiff") filed his Complaint in this matter on August 26, 2013. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. In reviewing Plaintiff's Complaint, the court also considers a Motion to Amend Complaint filed on September 4, 2013 (Filing No. 6), and two "Supplements" filed on September 27 and November 21, 2013. (Filing Nos. 8 and 15). *See* NECivR 15.1(b) (stating that, in pro se cases, the court may consider an amended pleading as supplemental to the original pleading).

**I. SUMMARY OF COMPLAINT**

Plaintiff filed this action *pro se*. He is incarcerated at the Nebraska State Prison in Lincoln, Nebraska. (Filing No. 1 at CM/ECF p. 1.) The court cannot decipher from Plaintiff's numerous filings who he intends to name as the defendants in this action. Plaintiff named the following defendants in the caption of his Complaint: Trotta, Mausbach, Griffith, Holsing, Maintenance, D/E Health Inspector, Dennis Bakewell, Dr. Machado, Dr. Hustad, Dr. Furgusion, and Ombsbudsman. (*Id.*) However, in a subsequently filed Motion to Amend Complaint, he lists only Robert Houston and Trotta as the defendants. (Filing No. 6 at CM/ECF p. 1.) Later, in a subsequently filed "Supplement" to his Complaint, he states that he is suing the "D.E.C. Warden and the Department of Corrections," and not Trotta. (Filing No. 8

at CM/ECF p. 22.) As set forth below, the court will require Plaintiff to file an amended complaint that clearly identifies who he intends to name as the defendants in this action.

Condensed and summarized, Plaintiff alleges that he fell after sitting on a broken chair at the Diagnostic and Evaluation Center. (Filing No. 1 at CM/ECF p. 4.) He seriously injured his finger and back as a result of the fall. (*Id.*) Plaintiff alleges that prison officials were negligent in failing to repair the chair prior to his fall, as they were on notice that the chair was broken. (*Id.*) It is unclear from Plaintiff's Complaint and subsequent filings which prison officials were on notice that the chair was broken, and whether any of them are named as defendants in this matter. Plaintiff also alleges in his Complaint that Trotta, Griffith, and Doctors Hustad, Machado, and Furgusion failed to provide him with proper medical treatment following his fall. (*Id.* at CM/ECF pp. 7-12.) However, in light of statements made in Plaintiff's Motion to Amend and Supplements, it is unclear whether Plaintiff intends to prosecute this matter against any of these individuals.

As relief, Plaintiff seeks $250,000, for "loss of use of finger, numbness in back and legs," and "constant pain." (*Id.* at CM/ECF p. 10.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be

2

dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION OF CLAIMS

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pro se plaintiff's allegations should be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, pro se litigants must comply with the Federal Rules of Civil Procedure. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

As set forth above, the court cannot decipher from Plaintiff's Complaint and subsequent filings who the defendants are or what allegations and legal theories relate to each defendant. On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that clearly (1) identifies each defendant; (2) specifies the capacity in which the defendant is sued; and (3) sets forth a short and plain statement of the claims against the defendant.

Plaintiff should be mindful to explain what each defendant did to him, when the defendant did it, how the defendant's actions have harmed him, and what specific

3

legal right Plaintiff believes the defendant violated. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that clearly identifies each defendant, specifies the capacity in which the defendant is sued, and sets forth a short and plain statement of the claims against the defendant. This matter will be dismissed without prejudice and without further notice if Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order.

2. The clerk's office is directed to set a pro se case management deadline in this matter: January 3, 2014: Check for amended complaint.

3. Plaintiff's Motion to Amend Complaint (Filing No. 6) is denied as moot. As set forth above, Plaintiff must file an amended complaint in accordance with this Memorandum and Order.

DATED this 2nd day of December, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.