IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NICK ROBERTS, | ) | 4:13CV3154 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TROTTA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on August 26, 2013. (Filing No. 1.) The court gave Plaintiff leave to proceed in forma pauperis. (Filing No. 9.) The court then conducted an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. The court provided Plaintiff with 30 days to amend his Complaint to (1) identify each defendant; (2) specify the capacity in which each defendant is sued; and (3) set forth a short and plain statement of the claims against the defendant. (Filing No. 16 at CM/ECF p. 3.) Plaintiff filed an Amended Complaint on December 6, 2013, (Filing No. 17), a Second Amended Complaint on January 3, 2014, (Filing No. 22), a Third Amended Complaint on March 19, 2014, (Filing No. 30), and a Fourth Amended Complaint on October 15, 2014, (Filing No. 34). The court now conducts an initial review of the pleadings to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at the Nebraska State Prison ("NSP") in Lincoln, Nebraska. Plaintiff alleges that on June 26, 2013, while he was at the Diagnostic and Evaluation Center ("DEC"), he sat on a broken chair and fell to the floor. (Filing No. 30 at CM/ECF p. 6.) As a result, he alleges he aggravated or compounded an injury to his right hand and injured his back. He further alleges the officials at DEC were aware the

chair was already broken and a work order with a request to fix the chair had been pending since June 16th or 17th. (*Id.* at CM/ECF pp. 8-9.)

Plaintiff was examined by Dr. Hustad at DEC on June 26, 2013, and received exercises for his back. (*Id.* at CM/ECF p. 7.) Plaintiff subsequently wrote several "inmate interview requests" complaining of "extreme" pain on his right ring finger and his lower back. He was scheduled to see Dr. Machado, the physician who previously performed surgery on Plaintiff's right hand for an unrelated condition. Plaintiff states he met with Dr. Machado two or three times after the fall and received multiple sets of x-rays. (*Id.* at CM/ECF p. 8.) Plaintiff alleges Dr. Machado indicated Plaintiff had damaged his right hand and would need surgery to correct the damage. (*Id.* at CM/ECF p. 8.) However, Plaintiff alleges Dr. Machado's file notations about the injury did not reflect the same level of severity Dr. Machado communicated to Plaintiff. (*Id.* at CM/ECF p. 8.)

After several additional "inmate interview requests" Plaintiff received further testing on his back, including a M.R.I. on August 30, 2013, which revealed Plaintiff had a herniated disc in his back. (*Id.* at CM/ECF p. 9.) Plaintiff also alleges his back gave out on two subsequent occasions—October 27, 2013, and November 21, 2013. (*Id.* at CM/ECF p. 10.) On both occasions he was transported to the NSP hospital wing. He was given a walker and admitted to a "handicap pod" as a result of the October incident. He was given pain medication as a result of the November incident. On November 22, 2013, he was transported to Bryan Medical Center and given a second M.R.I. on his back. (*Id.* at CM/ECF p. 11.)

Plaintiff received surgery on his right hand on December 6, 2013. (*Id.* at CM/ECF p. 11.) That surgery resolved the issues he was experiencing in his hand. He continued to complain about pain in his back, but was allegedly told he was faking his injury and was ordered to move from the "handicap pod" to his regular housing pod without the assistance of a walker on December 10, 2013. (*Id.* at CM/ECF p. 12.) His back gave

out again while he was being escorted back to his regular housing unit. He was taken to the medical wing and given pain medication. (*Id.* at CM/ECF p. 13.)

According to Plaintiff, he was "examined and/or treated by [prison medical personnel] on almost a daily basis from his initial confinement, until January 10, 2014 when [he] was admitted to the Southwest Lincoln Surgery Center for exploratory surgery and hospitalization." (Filing No. 34-1 at CM/ECF p. 8.) Plaintiff underwent back surgery on January 14, 2014. (Filing No. 30 at CM/ECF pp. 13-14). He received a laminectomy performed by Dr. Gelber. Plaintiff alleges Dr. Gelber also told him he had a cracked spinous process and lamina and Plaintiff would require further surgery. (*Id.* at CM/ECF p. 14.) Plaintiff had a follow-up appointment with Dr. Gelber and Dr. Sorenson in which they confirmed additional surgery would be necessary and suggested the back injury was the result of Plaintiff's June 26, 2013, fall. (*Id.* at CM/ECF p. 14.) After returning to the NSP, Plaintiff alleges he requested additional pain medication from Dr. Furgusion, but she denied his request. Plaintiff underwent another back surgery on April 1, 2014. (Filing No. 34-1 at CM/ECF p. 8.)

Plaintiff's pleadings assert causes of action under 42 U.S.C. § 1983 alleging violation of his Eighth Amendment right to be free from cruel and unusual punishment due to his medical treatment, or lack thereof. He also asserts state law claims for negligence and medical malpractice.

## II. APPLICABLE LEGAL STANDARD

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 70 (2007)*; *see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)* ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)*. However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002)* (citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins, 487 U.S. 42, 48 (1988)*; *Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)*.

### III. DISCUSSION OF CLAIMS

Plaintiff alleges the named defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment because they were deliberately indifferent to his medical conditions. To show deliberate indifference, the plaintiff must demonstrate that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Johnson v. Hamilton, 452 F.3d 967, 972-73 (8th Cir. 2006)*. Society does not expect that prisoners will have unqualified access to health care. Therefore, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious. *Hudson v. McMillian, 503 U.S. 1, 9 (1992)* (citing *Estelle v. Gamble, 429 U.S. 97, 103-104 (1976)*). "Deliberate indifference is equivalent to criminal-law recklessness, which is 'more blameworthy than

4

negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate. *Schaub v. VonWald,* 638 F.3d 905, 914-15 (8th Cir. 2011) (quoting *Farmer v. Brennan,* 511 U.S. 825, 835, 839-40 (1970)).

"Deliberate indifference may be demonstrated by prison guards whom intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. . . . Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997) (internal citation omitted).

### A. Department of Corrections and State of Nebraska

Plaintiff has named the Department of Corrections and the State of Nebraska as Defendants in this action. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.*; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981).

Here, Plaintiff seeks to recover $500,000 in damages and $20,000 from each of the named Defendants for punitive damages.[1] The Eleventh Amendment bars any such

---

[1] Plaintiff also seeks a "declaratory judgment" stating that Defendants did not respond to his injuries in a timely manner, the Defendants knew the chair he sat upon was broken, and they were aware Plaintiff needed back surgery as of August 30, 2013. (Filing No. 30 at CM/ECF pp. 17-18.) However, this is no more than a request for the court to make the findings necessary for Plaintiff to be awarded the

award against the Nebraska Department of Corrections and the State of Nebraska. Accordingly, the claims against those entities are dismissed.

B.   **Non-Medical Personnel**

Plaintiff has named several correctional officers as defendants in this case. Prison guards can be found to have been deliberately indifferent to an inmate's medical needs if they "intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment . . . ." *Dulany*, 132 F.3d at 1239.

Plaintiff specifically names the following non-medical personnel and their respective actions in his Third Amended Complaint:

- Officers Trotta and Griffith witnessed the initial accident and wrote incident reports.

- Officer Mausbach confirmed Officer Holsing requested a work order on the chair on June 16 or 17.

- Officer Oman witnessed Plaintiff's back "giving out" and Plaintiff's subsequent fall, after which Plaintiff was taken to the medical unit.

- Officer John Doe ordered the Emergency Response Team to escort Plaintiff to the hospital.

- Officers Extrom, Walick and Frank witnessed Plaintiff's back "give out" on November 21, 2013.

- Lieutenant John Doe, the head of the emergency response team, transported Plaintiff to the NSP hospital on November 21, 2013.

---

monetary damages he seeks.

- Officer Tran told Plaintiff he needed to move to Pod 5 in accordance with doctor's orders or he would be placed in segregation. Officer Tran witnessed Plaintiff fall on December 10, 2013.

- Lieutenant John Doe transported Plaintiff to the NSP hospital on December 10, 2013.

Plaintiff has provided no factual allegations accusing any correctional officer of either ignoring his medical treatment plan or intentionally denying or delaying his access to medical care. To the contrary, as pled, the facts indicate that any time Plaintiff sustained an injury the correctional officers present at that time immediately made arrangements for his transport to the hospital or medical wing. The Plaintiff makes no allegations the non-medical personnel disregarded any physician's orders, failed to provide the proper individuals with Plaintiff's written grievances or inmate interview requests, or improperly withheld medication against a physician's orders. In short, Plaintiff's Third Amended Complaint states no cause of action based on potential Eighth Amendment violations against any of the corrections officers or any other non-medical personnel.

### C. Medical Personnel

Plaintiff's Third Amended Complaint names several physicians and other medical personnel as defendants. The specific allegations are as follows:

- Dr. Hustad initially examined Plaintiff after he fell on June 26, 2013, and ordered Plaintiff to perform back exercises to treat his injury. He did not prescribe pain medication or order an M.R.I.

- Dr. Machado ordered several x-rays of Plaintiff's injured hand, but did not perform surgery on Plaintiff until December 6, 2013.

- Dr. Furgusion did not prescribe pain medication or use of a walker for Plaintiff's back injury and indicated Plaintiff was exaggerating the amount of pain he felt.

- Dr. Gelber performed back surgery on Plaintiff on January 14, 2014.

- Dr. Gelber and Dr. Sorenson informed Plaintiff he would require an additional back surgery.

- Plaintiff underwent an additional back surgery on April 1, 2014.

Plaintiff expresses two main allegations of deliberate indifference: 1) it took four to six months of complaining before he received corrective surgery on his hand and back, and 2) his pain medications were limited or denied.

With regard to his hand injury, Dr. Machado—Plaintiff's hand surgeon—examined him "two or three" times after the June 6, 2013, accident. (Filing No. 30 at CM/ECF p. 8.) Plaintiff also received x-rays on his hand on those occasions. He received corrective surgery on his hand on December 6, 2013.

With respect to his back injury, Plaintiff was promptly escorted to the NSP hospital or medical facility after each incident with his back. Plaintiff received a treatment plan for his back—exercises and the periodic use of a walker, and in some cases, pain medication. He was allowed temporary housing in what he refers to as the "handicap pod" while he recovered from those incidents. (*Id.* at CM/ECF p. 10.) He also received x-rays and at least two M.R.I.s after his continued complaints. He received two corrective back surgeries on January 1, 2014, and April 1, 2014.

Based on the facts alleged, Plaintiff's assertions that the medical professionals acted with deliberate indifference toward his injuries fail as a matter of law. In this case, Plaintiff was promptly examined by physicians, received multiple sets of x-rays and M.R.I.s, and ultimately received corrective surgeries on his right hand and back. (*Id.* at CM/ECF pp. 8-13.) While Plaintiff may have disagreed with the treatment plan, disagreement does not rise to the level of deliberate indifference. *See Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002).* Perhaps the surgeries were not ordered as quickly

8

as he would have liked, but a delay from diagnosis to treatment or referral to a specialist is, at most, a question of negligence and not deliberate indifference. See *Hartsfield v. Colburn*, 491 F.3d 394, 398 (8th Cir. 2007) (collecting cases). Accordingly, Plaintiff's § 1983 claims based on the alleged violation of his Eighth Amendment rights are dismissed.

### D. Supervisory Personnel

Plaintiff has named several supervisors and administrators as Defendants. These include Warden Dennis Bakewell, Warden Diane Sabatka-Rine, Director Robert Houston, Health Inspector Dr. Kohl, and Director Michael Kenny. Plaintiff makes no claims these individuals had specific knowledge about his medical conditions or treatment. At most, Plaintiff is attempting to pursue recovery from these defendants based on their supervisory roles in Nebraska's correctional facilities. "It is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006). To state a § 1983 claim, the plaintiff must allege that the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Plaintiff's claims against these individuals must be dismissed.

### E. State Law Claims

Because Plaintiff's claims under § 1983 cannot survive this initial review and are dismissed, the court has no supplemental jurisdiction over Plaintiff's state law claims of negligence and medical malpractice and those claims will be dismissed without prejudice to reassertion in state court.

IT IS THEREFORE ORDERED that:

1. This action is dismissed in its entirety. The federal law claims raised in the pleadings are dismissed with prejudice for failure to state a claim upon which relief can be granted. The state law claims are dismissed without prejudice to reassertion in the proper forum.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 12th day of December, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.